IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| PABLO ARTEGA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 326-013 |
| | ) | |
| UNITED STATES ATTORNEY GENERAL | ) | |
| and IMMIGRATION AND | ) | |
| NATURALIZATION SERVICE, | ) | |
| | ) | |
| Respondents. | ) | |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Petitioner, currently incarcerated at Dodge State Prison ("DSP") in Chester, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case seeking a writ of mandamus pursuant to 28 U.S.C. § 1361. Because Petitioner is proceeding IFP, his amended pleading must be screened to protect potential respondents. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.      **Screening the Amended Pleading**

A.      **Background**

Petitioner commenced this case in the Northern District of Georgia using a state court form in which he wrote the word "mandamus" in the title. (See doc. no. 1.) Because it was not clear whether Petitioner sought to bring a civil rights action or a habeas corpus case under

28 U.S.C. § 2241, upon transfer of the case to the Southern District of Georgia, the undersigned directed Petitioner to inform the Court by a written filing what type of relief he sought.  (See doc. no. 6.)  In response, Petitioner clarified he seeks mandamus relief pursuant to 28 U.S.C. § 1361.  (See doc. no. 7.)  However, because Petitioner's pleading did not properly allege any Respondent owes him a non-discretionary duty, as is required by § 1361, the Court directed Petitioner to amend the original pleading.  (Doc. no. 8, p. 5.)  That amended pleading is now before the Court for screening.  (Doc. no. 11.)

### B.    Discussion

#### 1.    Legal Standard for Screening

The amended pleading or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended pleading must "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level."

2

Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the amended pleading must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, this liberal construction does not mean that the Court has a duty to re-write the amended pleading.  See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Petitioner's Amended Pleading Should Be Dismissed for Failure to State a Claim for Federal Mandamus Relief

Petitioner filed this case against the United States Attorney General and the Immigration and Naturalization Service.  The Court takes judicial notice of the fact Petitioner was convicted in the DeKalb County Superior Court of multiple counts of aggravated assault, kidnapping, aggravated sexual battery, armed robbery, burglary, and possession of cocaine, resulting in two, consecutive twenty-years terms of imprisonment.  See https://gdc.georgia.gov; select offender search, find an offender, search now; search by name "Artega, Pablo"; submit form (last visited May 6, 2026) (hereinafter "DOC web site, search Artega, Pablo"); see also doc. no. 1, p. 1; doc.

3

no. 11, p. 5.  Petitioner's maximum possible release date is February 9, 2045.  See DOC web site, search Artega, Pablo.

Petitioner alleges he has been incarcerated over twenty years and has completed one of his two, twenty-year sentences.  (Doc. no. 11, p. 5.)  Although Petitioner does not provide any information about his immigration proceedings, and confusingly refers to himself as an American citizen, (id. at 4), he asks the Court to compel Respondents to complete his deportation proceedings now, rather than after he completes his second, twenty-year sentence, and deport him to Mexico City, (id. at 5).

Original jurisdiction is vested in federal district courts in "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.  However, mandamus relief is available only if:  "(1) the [petitioner] has a clear right to the relief requested; (2) the [respondent] has a clear duty to act; and (3) no other adequate remedy is available."  Cash v. Barnhart, 327 F.3d 1252, 1258 (11th Cir. 2003) (per curiam) (citation and internal punctuation omitted).  Moreover, "[t]he common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty."  Heckler v. Ringer, 466 U.S. 602, 16 (1984) (emphasis added and citations omitted).  Because mandamus is a drastic remedy, it should be invoked only in "extraordinary situations."  In re Paradyne Corp., 803 F.2d 604, 612 (11th Cir. 1986) (per curiam).

Although Petitioner does not describe the commencement of any immigration proceedings and describes himself as an American citizen, based on the request to be deported to Mexico and the alien number listed on his Department of Corrections record, (see DOC web

4

site, search Artega, Pablo), the Court presumes he is subject to removal from the United States. See 8 U.S.C. § 1227. Under such circumstances, "the Attorney General shall begin any removal proceeding as expeditiously as possible after the date of conviction." Id. § 1229(d)(1). The Attorney General shall also provide for "special removal proceedings" for aliens convicted of enumerated aggravated felonies to expedite "removal following the end of the alien's incarceration for the underlying sentence." Id. § 1228(a)(1). While the Attorney General shall initiate, and to the extent possible, complete removal proceedings and any related administrative appeals for an alien convicted of an aggravated felony before such alien's release from incarceration, the statute does not require the Attorney General "to effect the removal of any alien sentenced to actual incarceration, before release from the penitentiary or correctional institution where the alien is confined." Id. § 1228(a)(3). Importantly, nothing in either §§ 1228 or 1229(d) "shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person." Id. §§ 1228(a)(1) & 1229(d)(2).

Having considered the above-cited statutes, the Court finds Respondents do not have a clear duty to schedule an immediate removal hearing, let alone deport Petitioner, prior to the expiration of his sentence imposed based on his convictions in DeKalb County for aggravated assault, kidnapping, aggravated sexual battery, armed robbery, burglary, and possession of cocaine. See Giddings v. Chandler, 979 F.2d 1104, 1110 (5th Cir. 1992) (rejecting claim criminal alien should be allowed to compel his deportation); Villeda-Fuentes v. United States, No. 5:18-HC-2169, 2019 WL 1053616, at *2 (E.D.N.C. Mar. 5, 2019) (collecting cases and explaining court has no jurisdiction to force commencement of deportation proceedings for prisoner subject to deportation upon completion of term of imprisonment for criminal

5

conviction); <u>Mejia-Gomez v. DHS/ICE</u>, Civ. Act. No. 05-5000, 2006 WL 1098226, at *1-2 (D.N.J. Mar. 31, 2006) (finding prisoner cannot force initiation of removal proceedings, either by habeas or mandamus petition, prior to completing custodial sentence).   Moreover, as Petitioner is not scheduled to complete his prison term until 2045, (<u>see</u> DOC web site, search Artega, Pablo), there is nothing to suggest his removal proceedings cannot be completed before his release date.  <u>See</u> 8 U.S.C. § 1228(a)(3)(A).

In sum, Petitioner's allegations do show that he can satisfy any of the requirements for issuance of a writ of mandamus to force his deportation prior to completion of his custodial sentence.

## II.    Conclusion

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Petitioner's case be **DISMISSED** for failure to state a claim for federal mandamus relief, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 6th day of May, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA